UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ELIJAH STEWARD,

        Plaintiff,

    v.

APPLIED GENETIC TECHNOLOGIES CORPORATION, and CHRISTINE N. KAY, M.D.,

        Defendants.

Case No. 3:22-cv-01623-YY

OPINION AND ORDER

YOU, Magistrate Judge.

Defendant Christine N. Kay, M.D. ("Kay") has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) asserting lack of personal jurisdiction and Rule 12(b)(3) asserting improper venue. ECF 18. Defendant Applied Genetic Technologies Corporation ("AGTC") has fully joined Kay's motion to dismiss for improper venue, ECF 37, and separately moves to dismiss the complaint under Rule 12(b)(2) based on failure to state a claim. ECF 24.

For the reasons discussed herein, Kay's motion to dismiss is GRANTED because plaintiff has failed to show that the District of Oregon is a proper venue and is otherwise DENIED.[1] AGTC's motion to dismiss for failure to state a claim is DENIED as moot.

---

[1] A decision to transfer a case is non-dispositive and, thus, within the scope of a magistrate judge's authority. *See Kinney v. Gutierrez*, 709 F. App'x 453, 455 (9th Cir. 2017) (cited pursuant to Ninth Circuit Rule 36-3).

1 – OPINION AND ORDER

This action arises from plaintiff's participation in a clinical trial investigating the safety and efficacy of AGTC's product, a drug designed to treat plaintiff's condition, achromatopsia. Compl. ¶¶ 10–13, ECF 1. Plaintiff asserts claims relating to the product's design, the presentation of risks, and plaintiff's after-surgery care.

Defendants contend that venue is improper because plaintiff has failed to show that a substantial part of the events giving rise to plaintiff's claims occurred in Oregon. Kay Mot. Dismiss 9, ECF 18 (citing 28 U.S.C. § 1391(b)). Defendants call attention to the fact that the only event alleged to have taken place in this district is the surgical administration of the study drug, and plaintiff has not alleged that the care he received during that procedure was deficient in any way. *Id.* Defendants further contend that plaintiff's alleged injuries occurred outside of Oregon and none of the parties reside in Oregon. *Id.* at 10.

Plaintiff counters that the surgery constitutes a major event giving rise to his claims and, therefore, Oregon is a proper venue. Resp. 13, ECF 29. Plaintiff asserts that the adverse event he experienced following the surgery would not have occurred but for the surgery, which was conducted in Oregon. *Id.* Lastly, plaintiff argues that the case cannot be transferred to Florida, where defendants are located, because of the pre-suit requirements Florida imposes on medical malpractice claims. *Id.*

On a motion to dismiss for improper venue brought under Rule 12(b)(3), the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Venue lies in the "judicial district in which any defendant resides if all defendants are residents of the State in which the district is located" or where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). When considering a motion to dismiss for improper venue, the court need not accept

2 – OPINION AND ORDER

the facts in the pleadings as true and may consider facts outside the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). If venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The permissive language of the statute grants the court discretion to dismiss or transfer. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) ("Even though the federal defendants originally requested transfer rather than dismissal, the district court did not abuse its discretion by dismissing."); *see also North v. Samsung SDI Am., Inc.*, No. 5:19-CV-05621-EJD, 2020 WL 1984020, at *7 (N.D. Cal. Apr. 27, 2020) (denying defendants' request for dismissal and transferring action pursuant to § 1406(a)).

Plaintiff has not shown that a substantial part of the actions giving rise to his claims occurred in Oregon. Plaintiff alleges that AGTC's product was "defective and unreasonably dangerous." Compl. ¶ 42, ECF 1. Plaintiff also alleges that, prior to the surgery, defendants never reviewed the informed consent form with plaintiff, and that the informed consent form "understated and inadequately explained the risks of participating" in the clinical trial, leaving out, for example, the risk of glaucoma and the possibility of needing a secondary surgery. Compl. ¶¶ 22, 27, 30, ECF 1. Plaintiff further alleges that after the surgery, he developed glaucoma and defendants initially denied plaintiff permission to undergo a corrective procedure to "reduce intraocular pressure," which caused him to "endure[] significant pain and discomfort" and experience "deteriorating vision." *Id.* ¶¶ 33–39.

Plaintiff does not allege any claims against the medical team that performed the procedure in Oregon. Thus, all alleged wrongdoing occurred outside of Oregon. The development of the product, the drafting of the informed consent form, all of plaintiff's screening exams and medical consultations, all post-operative procedures, and all events relating to

3 – OPINION AND ORDER

defendants' refusal to permit plaintiff to undergo an additional surgery occurred outside of Oregon. Furthermore, plaintiff alleges that his injuries arose outside of Oregon, and the subsequent surgery to treat his injuries occurred outside of Oregon. The parties dispute the extent of Kay's involvement in the selection of Oregon as the site where patients would be dosed with the study drug. However, even assuming that Kay chose Oregon as the surgical site, plaintiff does not assert that the selection of the site was tortious in any way, nor is the act of choosing the site an element of any of plaintiff's claims.[2] Accordingly, plaintiff has not met his burden of showing that Oregon is a proper venue under § 1391(b).

Having determined that Oregon is not the proper venue for this action, the remaining inquiry is to which district this case should be transferred.[3] Venue is undoubtedly proper in Florida. Both defendants reside in Florida. *See* 28 U.S.C. § 1391(b)(i). Moreover, the vast majority of the actions giving rise to plaintiff's claims appear to have taken place where defendants are located in Gainesville and Alachua, Florida, which are situated in the Northern District of Florida. This is where defendants executed the clinical trial and protocol, spoke with plaintiff regarding the informed consent, and obtained plaintiff's signature on the informed consent form, and where plaintiff received consultations regarding the clinical trial and follow-

---

[2] While not binding, two cases arising in the Southern District of Texas under circumstances similar to this case provide a helpful comparison. *See Timberlake v. Synthes Spine Co., L.P.*, No. 6:08-CV-00004, 2008 WL 1836676, at *4 (S.D. Tex. Apr. 23, 2008) (declining to transfer case to district where the plaintiff's surgery took place because the plaintiff did not allege a cause of action against the surgeon, and because the surgery was "only a portion" of the defective product claim); *Watson v. Lifeshare Transplant Donor Servs. of Oklahoma, Inc.*, No. 2:09-cv-00130, 2009 WL 10702544, at *3 (S.D. Tex. Sept. 3, 2009) (finding that venue was improper where the plaintiff had "no complaints regarding the doctors who engaged in the transplant surgery in the Southern District of Texas, or any pre-transplant screening that should have occurred here").
[3] The court need not reach the issue of personal jurisdiction. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (finding that § 1406(a) permits transfer or dismissal regardless of whether the court has personal jurisdiction over defendants).

4 – OPINION AND ORDER

up care.  Kay Mot. Dismiss 10, ECF 18; Kay Decl. ¶¶ 15–16, ECF 18-1.  Additionally, key evidence and witnesses relevant to plaintiff's claims are likely located in that district.  Finally, the Northern District of Florida has an interest in adjudicating this action because defendants are based in, conduct business in, and are alleged to have committed tortious acts there.

      Although plaintiff argues that this case should not be transferred to Florida because Florida imposes presuit requirements for medical malpractice claims, *see* Fla. Stat. Ann. § 766.206(b), these requirements likely do not bar plaintiff's action.  *See Braddock v. Orlando Reg'l Health Care Sys., Inc.*, 881 F. Supp. 580, 584 (M.D. Fla. 1995) (holding presuit requirements did not apply to medical malpractice claim transferred from Eastern District of Michigan); *see also Clark v. Sarasota Cnty. Pub. Hosp. Bd.*, 65 F. Supp. 2d 1308, 1310 (M.D. Fla. 1998), *aff'd sub nom. Clark v. Sarasota Cty. Pub. Hosp.*, 190 F.3d 541 (11th Cir. 1999) (explaining that dismissal with prejudice for failure to comply with presuit requirements is only appropriate where the statute of limitations has elapsed).  Furthermore, federal courts in Florida have stayed actions to permit plaintiffs to satisfy presuit requirements.  *See, e.g.*, *Phelps v. Delphi Behav. Health Grp.*, LLC, No. 0:19-CV-61557-AHS, 2021 WL 8895134, at *5 (S.D. Fla. June 15, 2021) ("Because significant resources have already been expended on this action that was filed in 2018, the Court will stay the case instead of dismissing it."); *Aiken v. United States*, 8:14-CV-01921-VMC, 2014 WL 4792006, at *4 (M.D. Fla. Sept. 22, 2014) ("Although Option Care seeks dismissal of the action based on Aiken's failure to comply with the statute, the Court finds that the more appropriate remedy is to stay the case as to Option Care for the statutory 90–day period so that Option Care may fulfil its statutory duties and appropriately respond to Aiken's claims.").  It is best left to a Florida court to determine the precise application of

5 – OPINION AND ORDER

Florida's presuit requirements to the facts of this case; for the purposes of this motion, it is sufficient to note that these requirements do not appear to bar plaintiff's claims.

**ORDER**

Defendant Dr. Christine N. Kay's motion to dismiss (ECF 18) is GRANTED as to improper venue and DENIED as moot in all other respects. Defendant Applied Genetic Technology Corporation's motion to dismiss (ECF 24) is DENIED as moot. The Clerk of the Court is directed to transfer this case to the Northern District of Florida.

DATED September 5, 2023.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge